| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | **'O'** | **JS-6** |
| Case No. | 2:18-cv-05620-CAS(Ex) | Date | August 27, 2018 |
| Title | JACLYN MALIE MASON, ET. AL. V. MEDIO PICTURES PARTNERS | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| Sandra Falchetti | Al Mohajerian | | |
| | Corinne Spencer | | |

**Proceedings:** MOTION TO REMAND MATTER TO STATE COURT (Filed 07/24/18)[11] JOINDER (Filed 07/26/18)[14]

## I. INTRODUCTION

On December 14, 2017, Jacyln Malie Mason, Richelle Meiss, and Rebecca Zak filed a lawsuit in the Los Angeles Superior Court against Medio Pictures Partners ("MPP"), Sinclair Broadcast Group, Inc. ("Sinclair"), Circa LLC ("Circa"), Circa Laughs, David Zucker Entertainment ("Zucker Entertainment"), Zuckervision Entertainment, LLC ("Zuckervision"), David Zucker, and Randall Sherman, alleging (1) Sexual Harassment in violation Cal. Gov't Code § 12940(a) and (2) Intentional Infliction of Emotional Distress. Dkt. 1 ("Removal") Exhib. A at 12–19. In addition, Mason, Meiss, and Zak alleged claims against MPP, Sinclair, Circa, Circa Laughs, Zucker Entertainment, and Zuckervision for (1) Sex Discrimination in violation of Cal. Gov't Code §12940(a); (2) Retaliation for Opposing Sexual Discrimination and/or Harassment in violation of Cal. Gov't Code §12940(h); and (3) Failure to Prevent Sex Discrimination and/or Harassment Cal. Gov't Code §12940(k). Id.

On May 18, 2018 MPP and Zucker ("cross-complainants") filed a motion for leave to file a cross-complaint against Sinclair Broadcast Group and Circa LLC ("cross-defendants"). This motion was granted by the Los Angeles Superior Court on May 25, 2018. Id. at 7. The cross-complaint alleged (1) breach of covenant of good faith and fair dealing; (2) express indemnification; (3) implied indemnification; (4) unfair business practice; (5) an accounting; and (6) declaratory relief. Id. Exhib. V at 4. On June 22, 2018 cross-defendants filed an answer to the cross-complaint. Id. Exhib. EE at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-05620-CAS(Ex) | Date | August 27, 2018 |
| Title | JACLYN MALIE MASON, ET. AL. V. MEDIO PICTURES PARTNERS | | |

Subsequently, on June 25, 2018, cross-defendants Sinclair and Circa filed a separate suit in this court against MPP, Zucker Entertainment, Zuckervision, Zucker, and Sherman alleging (1) negligent hiring, retention and supervision; (2) breach of contract; (3) indemnity; (4) implied/equitable indemnity; (5) partial equitable indemnity; (6) equitable contribution; (7) comparative indemnity and apportionment of fault; and (8) declaratory relief. 2:18-cv-05612-CAS-E Dkt. 1 ("Complaint"). Also on June 25, 2018, cross-defendants removed the cross-complaint—but not Mason, Meiss, and Zak's underlying state action—to federal court, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), 1446(b)(3). Removal at 8. The removed action was initially assigned to Judge Ronald S.W. Lew, dkt. 6; however, given its relation to Sinclair and Circa's declaratory relief suit initially assigned to this Court, the removed action was transferred to this Court on July 2, 2018. Dkt. 8. Cross-complainants filed the instant motion to remand the matter to state court on July 24, 2018. Dkt. 11 ("Motion").[1] Cross-defendants filed an opposition on August 6, 2018. Dkt. 15 ("Opp'n"). Cross-complainants filed a reply on August 13, 2018. Dkt 17 ("Reply"). The Court held a hearing on August 27, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Sinclair is a corporation, incorporated in Maryland which provides services to television stations, and owns a multicast network, four radio stations, and a cable network. Complaint at 4. Circa is a subsidiary company of Sinclair. Id. On May 1, 2016, Sinclair and Circa entered into an agreement with MPP—a corporation formed by Zucker and Randall—to create comedic content for a new website, Circa Laughs. Opp'n at 3. MPP contracted to create exclusive content for Sinclair/Circa. Id. Exhib. V at 7. To this end, MPP hired employees, including Mason, Meiss, and Zak, and MPP based its operations, per the agreement, in Sinclair/Circa's offices. Motion at 5. Sinclair/Circa paid all expenses—including employee salaries. Id.

On the basis of their May 1, 2016 agreement and business relationship, Sinclair and Circa on one side, and MPP, Zucker Entertainment, Zuckervision, Zucker, and Sherman on the other side, both allege that the other group of defendants must indemnify them against any liability stemming from Mason, Meiss, and Zak's state action. The

---

[1] Although the initial cross-complaint was filed by MPP and Zucker, the motion to remand was filed by Zucker Entertainment, MPP, Zucker, and Zuckervision, and the motion was joined by Sherman on July 24, 2018. Dkt. 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-05620-CAS(Ex) | Date | August 27, 2018 |
| Title | JACLYN MALIE MASON, ET. AL. V. MEDIO PICTURES PARTNERS | | |

parties make additional claims, as well. Cross-defendants sought to remove the cross-complaint to federal court pursuant to Section 1441, on the basis of diversity of citizenship. Removal at 2. Cross-complainants now seek a remand to state court. Mot. at 1.

### III. LEGAL STANDARDS

#### A. Basis for Removal

"In general, and of cardinal importance, an action is removable only if it originally might have been brought in a federal court." 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2733.3 (4th ed. 2018). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. Id.; see also Deutsche Bank Nat'l Trust Co. v. Galindo, No. ED CV 10–01893–RGK (DTBx), 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007). Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). If the defendant's removal notice fails to meet the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-05620-CAS(Ex) | Date | August 27, 2018 |
| Title | JACLYN MALIE MASON, ET. AL. V. MEDIO PICTURES PARTNERS | | |

procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

Courts have acknowledged "the interesting question whether third-party defendants," as well as cross-defendants, "are defendants for purposes of the removal statute." O'Halloran v. University of Washington, 856 F.2d 1375, 1381 (9th Cir. 1988). In this district and others, the majority view is that neither cross-defendants, nor third-party defendants, have the right to remove a state court action to federal court. Saeilo Mach. (USA), Inc. v. Hirdes Freight, Ltd., No. CV 00-00777 MMM MANX, 2000 WL 1205338, at *2 (C.D. Cal. Mar. 8, 2000) ("[T]he court adopts the majority view that cross-defendants are not allowed to remove a case."); Cross v. Kaiser Foundation Hospitals, No. C 98–03141 MMC, 1998 WL 737998, at *1 (N.D.Cal.1998) ("cross-defendants and third-party defendants are not allowed to remove"); Orosco v. Royal Roofing Co., Inc., No. C 97–3022 FMS, 1997 WL 724456, at *1 (N.D.Cal.1997) ("IRCC's petition for removal pursuant to section 1441(a) is improper because IRCC is a third-party defendant"); Thorpe v. Daugherty, 606 F. Supp. 226, 228 (N.D. Ga. 1985) ("The Supreme Court in the Shamrock decision held that a plaintiff who was a 'defendant' to a counter-claim could not remove. And we believe the ratio decidendi of the case fully applies to cross-claim defendants," citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)); Lawyers Title Ins. Corp. v. Pioneer Nat'l Title Ins. Corp., 600 F.Supp. 402, 404–05 (D.S.C.1984) ("removal is improper under § 1441(c) when the only removable claim is asserted by cross-claimants").

In general, removal is for an entire action and not for discrete claims within a suit. Judge Beverly Reid O'Connell, et al., Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions § 2:2190 (The Rutter Group 2018) (citing Dillon v. State of Miss. Military Dep't, 23 F.3d 915, 918 (5th Cir. 1994)). Additionally, "[g]enerally, proceedings that are ancillary to an action pending in state court may not be removed if the underlying claim is litigated in state court." 16 Moore's Federal Practice - Civil § 107.25 (2018).

Section 1441(c), the so-called "separate and independent" claim provision, provides an exception to the general rule that an entire action should be removed. 28 U.S.C. § 1447(c). Specifically, this provision allows for the "removal of an entire case when a claim that is removable on the *basis of federal question jurisdiction* is joined with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-05620-CAS(Ex) | Date | August 27, 2018 |
| Title | JACLYN MALIE MASON, ET. AL. V. MEDIO PICTURES PARTNERS | | |

otherwise nonremovable claims or causes of action. The nonremovable claims must then be severed and remanded to the state court from which the action was removed." 16 Moore's Federal Practice - Civil § 107.59 (2018) (emphasis added). Importantly, this same removal and severance process is not permitted where the basis of removal is diversity of citizenship. 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 3722.3 (4th ed. 2018) ("[The 1990] amendment eliminated the use of claims within diversity jurisdiction as the basis for removal under Section 1441(c).").

## IV.  DISCUSSION

Cross-defendants contend that removal of the cross-complaint is proper because the cross-complaint is a separate action, with "drastically different causes of action," and the parties to the discrete cross-complaint satisfy the requirements for diversity jurisdiction. Opp'n at 5–6. Because they do not consider Mason, Meiss, and Zak as parties to the cross-complaint, cross-defendants state that complete diversity exists between the cross-defendants and the cross-complainants, and that the amount in controversy exceeds $75,000. Removal at 8. Cross-defendants further explain that the indemnification question in the cross-complaint is also at issue in the suit that cross-defendants filed in this Court. Opp'n at 7. They therefore stress that declaratory relief as to the indemnification issues can and should be provided by this Court. Id. In contesting removal, cross-complainants argue that their cross-complaint is "intimately intertwined" with Mason, Meiss, and Zak's underlying state suit, particularly "as to the issues of who is the employer of plaintiffs, and as to the liability owed to plaintiffs." Motion at 6. Cross-complainants further argue that diversity is not met given Sinclair/Circa's offices in California, and that this Court has discretion over whether to exercise jurisdiction over requests for declaratory relief—including the discretion to abstain from exercising jurisdiction. Id. at 8–9.

Although the parties primarily focus their legal arguments on this Court's authority to provide declaratory relief, the Court finds that removal is improper. In reaching this conclusion, the Court adopts the majority position that removal of an action by third-party defendants and cross-defendants, like Sinclair and Circa, is not permitted. Saeilo Mach. (USA), Inc., No. CV 00-00777 MMM MANX, 2000 WL 1205338, at *2. In addition, the Court finds that cross-defendants cannot sever the cross-complaint from the underlying state action. Removal is a process that generally affects an entire action. Although cross-defendants cite state law to argue that "a complaint and a cross-complaint are, for most purposes, treated as independent actions" which are severable, Security

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-05620-CAS(Ex) | Date | August 27, 2018 |
| Title | JACLYN MALIE MASON, ET. AL. V. MEDIO PICTURES PARTNERS | | |

<u>Pacific Nat'l Bank v. Adamo</u>, 142 Cal.App.3d 492, 496 (1983); partial removal under Section 1441 is only permitted for certain federal question claims. 28 U.S.C.A. § 1441(c) (West). By its language, the amended Section 1441(c) clearly does not permit piecemeal removal where diversity of citizenship is the basis. 28 U.S.C.A. § 1441(c) (West).

## V.  CONCLUSION

For the foregoing reasons, cross-complainants' motion to remand to state court is **GRANTED.** Cross-complainants' request for attorneys' fees is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |